UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

FIRST AMENDED
CHAPTER 13 PLAN COVER SHEET

Filing Date: October 2, 2012                Docket #: 12-16695-FJB

Debtor: Janis G. Blanchette                 Co-Debtor: _____

SS#: xxx-xx-1049                            SS#: _____

Address: 131 Spruce Street                  Address: _____

Middleboro, MA 02346


Debtor's Counsel:    Troy D. Morrison, Esq.
Address:             Morrison & Associates, PC
                     255 Park Avenue, Suite 702
                     Worcester, MA 01609
Telephone #:         (508) 793-8282
Facsimile #:         (508) 793-8212


ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITOR'S MEETING PURSUANT TO 11 U.S.C. §341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER SERVICE OF THE AMENDED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

OFFICIAL LOCAL FORM 3
PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.: 12-16695-FJB

DEBTORS: (H) Janis G. Blanchette          SS#: xxx-xx-1049

(W) _____          SS#: _____

I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ 1,392.00 for the term of:

___ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

___ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

___ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:

_____

_____ ; or

 60 Months. The Debtor states the reasons therefore: the Debtor is allocating all of her disposable income towards the Chapter 13 plan and requires sixty (60) months in order to pay her priority debt in full.

II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| None | _____ | $_____ |
| _____ | _____ | $_____ |

Total of secured claims to be paid through the Plan:        $_____

B. Claims to be paid directly by debtor to creditors(Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Toyota Motor Credit | Motor Vehicle Loan |
| _____ | _____ |

Modification of Secured Claims: **Please see Section VI. B.**

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |

C. Leases:

   i.   The Debtor(s) intend(s) to reject the residential/personal property lease claims of _____; or

   ii.  The Debtor(s) intend(s) to assume the residential/personal property lease claims of _____.

   iii. The arrears under the lease to be paid under the plan are _____.

III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | _____ | $_____ |

B. Other

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Rev. Service | Federal Income Tax | $52,038.89 |

| Mass. Dept of Revenue | State Income Tax | $ 1,077.00 |
| --- | --- | --- |
| | | $ |

Total of Priority Claims to Be Paid Through the Plan:    $53,115.89

IV. ADMINISTRATIVE CLAIMS:

A. Attorney's Fees (to be paid through the plan):    $1,000.00

B. Miscellaneous Fees:

| Creditor | Description of Claim | Amount of Claim |
| --- | --- | --- |
| | | $ |
| | | $ |
| | | $ |

C.    The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of 100% of their claims.

A. General unsecured claims    $21,012.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
| --- | --- | --- |
| None | | $ |
| | | $ |
| | | $ |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
| --- | --- | --- |
| | | $ |

|                                    |                     | $_____     |
|------------------------------------|---------------------|--------------------|
| Total of Unsecured Claims (A+B+C): |                     | $<u>21,012.00</u>  |

D. Multiply total by percentage:             $<u>21,012.00</u>
(Example: Total of $38,500.00 x .22 dividend= $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|----------|----------------------|-----------------|
| <u>None</u> |                    | $_____  |
|          |                      | $_____  |
|          |                      | $_____  |

Total amount of separately classified claims payable at ____%:    $_____

## VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund plan: _____
_____

B. Miscellaneous Provisions: _____
_____
_____
_____
_____

## VII. CALCULATION OF THE PLAN PAYMENT:

a) Secured claims (Section I-A Total)            $<u>0.00</u>

b) Priority claims (Section II-A & B Total)           $<u>53,115.89</u>

c) Administrative claims (Section III-A&B Total)      $ <u>1,000.00</u>

d) Regular unsecured claims (Section IV-D Total)      $<u>21,012.00</u>

e) Separately classified unsecured claims:         $<u>0.00</u>

f) Total of a + b + c + d + e above: = $75,137.89

g) Divide (f) by .90 for total including Trustee's fee:

        Cost of Plan = $83,475.43

(This represents the total amount to be paid into the Chapter 13 Plan.)

h) Divide (g), Cost of Plan, by Term of Plan, __60__ months

i) Round up to nearest dollar for Monthly Plan Payment: $1,392.00
(Enter this amount on page 1)

Pursuant to U.S.C. § 1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C § 1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Liens (Schedule D) |
|---|---|---|
| None | $ | $ |

Total Net Equity for Real Property: $0.00
Less Total Exemptions (Schedule C): $0.00

Available Chapter 7: $0.00

B. Automobile (Describe year, make, model):

2011 Toyota Tundra  Value $19,683.00  Lien $23,891.00 Exemption $3,450.00

Total Net Equity: $0.00

Less Total Exemptions (Schedule C) $3,450.00

Available Chapter 7: $0.00

C. All other Assets: (All remaining items on schedule B) : (Itemize as necessary)

| | |
|---|---|
| Total Net Value: | $42,909.85 |
| Less Exemptions (Schedule C): | $42,909.85 |
| Available Chapter 7: | $0.00 |

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A +B) plus Other Assets (C) less exemptions: $0.00

E. Additional Comments regarding Liquidation Analysis:

## IX. SIGNATURES

Pursuant to Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Troy D. Morrison                      October 3, 2012
Debtor's Attorney                          Date

Attorney's Address: Morrison & Associates, PC

    255 Park Avenue, Suite 702

    Worcester, MA 01609

    Tel. # (508) 793-8282

    Email Address: tmorrison@morrisonlawpc.net

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

/s/ Janis G. Blanchette                   October 3, 2012
Debtor                                     Date


Debtor                                     Date